**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE UNITED STATES OF AMERICA ex rel. and STATE OF CALIFORNIA ex rel. STANLEY D. MOSLER, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CITY OF LOS ANGELES, a municipal corporation, etc.; et al., <br><br> Defendants - Appellees. | No. 09-56040 <br><br> D.C. No. 2:02-cv-02278-SJO-RZ <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted November 5, 2010
Pasadena, California

Before:  PREGERSON, RIPPLE,** and GRABER, Circuit Judges.

Relator Stanley Mosler, suing on behalf of the United States, appeals the

district court's dismissal of his qui tam action.  On de novo review, United States

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Kenneth F. Ripple, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

ex rel. Aflatooni v. Kitsap Physicians Servs., 163 F.3d 516, 520 (9th Cir. 1999), we affirm.

Under the False Claims Act, a court lacks subject matter jurisdiction over any qui tam action "based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing"; in various kinds of governmental or administrative reports, hearings, or investigations; or in "the news media"; unless the relator is the "original source" of the publicly disclosed information. 31 U.S.C. § 3730(e)(4) (2002). The California analogue is nearly identical. Cal. Gov't Code § 12652(d)(3). For that reason, California courts look to federal decisions to interpret the public disclosure provision of the state statute. State ex rel. Bowen v. Bank of Am. Corp., 23 Cal. Rptr. 3d 746, 758 n.11 (Ct. App. 2005).

The allegations underlying Relator's complaint were publicly disclosed before he filed suit in 2002, in two ways. First, Relator's written testimony, submitted during a 2001 public hearing of the Army Corps of Engineers, contained sections entitled "Port Breached Agreement with Federal Government and People of California by Converting Pier 400 to Mega-container Terminal" and "The Cover Up." Those sections lay out allegations substantially similar to those contained within Relator's complaint. Second, an article in Random Lengths News, dated

2

January 3, 2002, quoted Relator and reported essentially the same allegations on the part of "outraged" local residents.

Relator was not the original source of any of the information disclosed, under the standard explained in Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1417 (9th Cir. 1992). His knowledge of the allegedly fraudulent transactions was neither direct nor independent of the public disclosures. The district court found that Relator relied on newspaper articles reporting Pier 400's change in use. The district court also found that, in formulating his allegations, Relator relied on documents he obtained from the Port and the Los Angeles District Office of the Army Corps of Engineers. Those findings are not clearly erroneous. See United States ex rel. Biddle v. Bd. of Trs. of Leland Stanford, Jr. Univ., 161 F.3d 533, 535 (9th Cir. 1998) (noting that we review for clear error a finding of fact relevant to the determination of subject matter jurisdiction).

In summary, the district court lacked subject matter jurisdiction because the allegations underlying the complaint were publicly disclosed before Relator filed suit and because Relator is not the original source of the relevant information. Accordingly, the district court properly dismissed this qui tam action.

AFFIRMED.